■ In the Matter of WILLIAM J. BURSTEIN, as Executor of GILA BURSTEIN, Deceased, Appellant, v CENTRAL HUDSON ASSOCIATES, Respondent. [665 NYS2d 262] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered February 14, 1997, which granted respondent partnership's motion to dismiss petitioner estate's application pursuant to CPLR article 78 to, *inter alia*, compel respondent to provide access to its books and records, unanimously affirmed, with costs.

The IAS Court correctly held that petitioner estate is not a limited partner in respondent partnership with all of the rights attendant to that status under Partnership Law § 99. To accept petitioner's contention to the contrary would be to ignore Partnership Law § 108 (4) and (5) setting forth the steps that must be taken for an assignee to become a substituted limited partner, and Partnership Law § 110 (1) restricting the limited partner rights given to the estate of a deceased limited-partner to those necessary to the settling of the estate (*cf., United Natl. Ins. Co. v Waterfront N. Y. Realty Corp.*, 907 F Supp 663). We

agree with the IAS Court that petitioner's executor failed to establish that he needs access to respondent's books and records in order to settle the estate. We have considered petitioner's other contentions and find them to be without merit. Concur— Nardelli, J. P., Tom, Mazzarelli and Colabella, JJ.